UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CAMERON YATES

                                                  Plaintiff,

-against-

NEW YORK CITY, NYPD CHIEF OF PATROL
FAUSTO PICHARDO, JOHN DOE ##1-5,

                                                  Defendants.

**COMPLAINT AND JURY DEMAND**

ECF CASE

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC § 1983 and the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a May 31, 2020 incident in which New York City Police Department Officers met a peaceful and positive street protest with an officially sanctioned police riot- randomly assaulting protesters with no goal or purpose other than to inflict pain and harm, and to dissuade Plaintiff and other like-minded individuals from expressing their point of view.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. § 1983, and the

First, Fourth and Fourteenth Amendments to the United States Constitution.

5.      Venue is laid within the United States District Court for the Southern District of New York in that the events in question occurred within, the boundaries of the Southern District of New York.

## NOTICE OF CLAIM

6.      Within 90 days of the incident complained of here, (including a toll of such time pursuant to Executive Order), Plaintiff submitted a Notice of Claim with the City of New York, pursuant to New York General Municipal Law § 50-E.

7.      At least thirty days have elapsed since the service of such notice, and adjustment or payment thereof has been neglected or refused.

## PARTIES

8.      Plaintiff at all times here relevant resided in Kings County, New York.

9.      New York City ("the City") is a municipality organized under the laws of the State of New York, with its principal offices located at 100 Church Street, New York, NY, 10007.  At all times mentioned, the New York City Police Department ("NYPD") was and is a department or agency of New York City.  At all relevant times the City was and is responsible for the control of the NYPD and the City was and is responsible for the appointment, training, supervision, promotion and discipline of law enforcement employees hired by the NYPD, including all individual defendants named above.

10.     Chief of Patrol Fausto Pichardo was at all times relevant a policy-making employee of the NYPD, and he was present during the events here complained of.  He is sued in his individual capacity, as well as being sued as a municipal policymaker.

11.     All other named defendants above are employees of the NYPD whose names are

not yet known, and they are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City and the State of New York.

## **FACTUAL ALLEGATIONS**

### THE INCIDENT

13. On May 31, 2020, at about 9:00 PM, Plaintiff was a part of a march and street protest that was formed to protest systematic police violence throughout the United States. The march started in Brooklyn, and the protesters marched peacefully and positively over the Manhattan Bridge, into lower Manhattan, and along Canal Street to the West side. The mood and message was positive, even if the negative view of policing in the United States expressed by many of the protesters was one not uniformly shared by the United States populace- particularly by members of the NYPD.

14. When the protesters arrived at the intersection of Canal Street and Church Street in Manhattan, they were met by a phalanx of NYPD officers and supervisors wearing hard helmets and face shields, blocking the protestors from continuing their march.

15. The protestors stopped; most put their hands in the air, and began chanting "hands up, don't shoot", a chant that had become a common refrain among protestors nationwide who were protesting shootings and killings of innocent victims at the hands of police.

16. Plaintiff was among the protestors chanting, and he observed supervisory NYPD personnel, in white shirts, among them Defendant Pichardo, going down the line of uniformed officers, conferring with them.

17. There was no apparent threat or danger to the officers; no dangerous projectiles

were thrown, no weapons were displayed, no threats were made.

18. Nevertheless suddenly, apparently at the command of Defendant Pichardo, the officers and supervisors charged the protestors without warning, pushing them and hitting them, committing violence at will.

19. Plaintiff was hit by an officer's baton and knocked down, then surrounded by about five officers and supervisors who tugged him in opposite directions by every limb, and dragged him across the pavement, despite his protests explaining he was not fighting them.

20. Had officers simply walked up to Plaintiff and told him he was under arrest he would have readily submitted to their authority.

21. Though Plaintiff was handcuffed and turned over to other police officers at the scene, he was ultimately released at the scene without charges- the officers in charge of Plaintiff had no idea why he was even in custody.

## THE NYPD'S POLICIES ENCOURAGING EXCESSIVE FORCE

22. The violence perpetrated against Plaintiff was not an anomaly; it was a direct result of the NYPD's policies in addressing large protests.

23. On May 29, 2020, at the foot of the Brooklyn Bridge, in Brooklyn, and separately, at the vicinity of 608 Pacific Street, in Brooklyn, on June 2, 2020, in Manhattan's East Midtown, June 4, 2020, in Mott Haven, in the Bronx, June 4, 2020, in South Williamsburg, in Brooklyn, NYPD officers used virtually identical tactics, charging protesters, and randomly, indiscriminately using physical force, including baton hits, against peaceful protestors who would readily have submitted to peaceful arrests if the police sought to arrest them.

24. In the protest in this matter, as well as the protests listed above, and in decades

worth of prior protests, the NYPD has allowed its officers to indiscriminately use force on peaceful protestors, including allowing random baton strikes on peaceful protestors.

## DAMAGES

25. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution to speak freely and peaceably assemble, and to be free from an unreasonable search and seizure;

b. Violation of his rights to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

d. Loss of liberty;

e. Physical pain and suffering.

.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

26. The above paragraphs are here incorporated by reference.

27. Defendant Pichardo and John Doe ##1-5 acted under color of law and used objectively unreasonable force against Plaintiff, depriving him of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, and to speak freely and peaceably assemble and are liable to Plaintiff under 42 U.S.C. § 1983.

28. Defendants' arrest of Plaintiff was motivated in part by the content of the speech he engaged in- specifically, speech demanding police accountability and reform.

29. Defendant Pichardo, through his own individual actions, violated Plaintiff's rights under the United States Constitution.

30. Defendants used unreasonable and excessive force in arresting Plaintiff.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILITY)

31. The above paragraphs are here incorporated by reference.

32. The City of New York is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

## THIRD CAUSE OF ACTION
(ASSAULT AND BATTERY)

33. John Doe #1-5 and the City of New York are liable to Plaintiff because they intentionally placed Plaintiff in imminent apprehension of harmful contact, and subjected Plaintiff to bodily contact, which was wrongful under all the circumstances, and to which Plaintiff did not consent.

34. The City of New York is vicariously liable for the acts of John Doe ##1-5.

## FOURTH CAUSE OF ACTION
(NEW YORK CONSTITUTIONAL TORT)

35. Defendants have used excessive and unjustified force against Plaintiff, and unreasonably seized him, in violation of Article 1, § 12 of the New York State Constitution.

36. Defendants retaliated against Plaintiff for the content of his speech, and impeded his right to constitutionally protected speech, in violation of Article I, § 8, of the New York State

Constitution.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    In favor of Plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
              February 26, 2021

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Andrew B. Stoll (AS8808)
Attorney for Plaintiff
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
(718) 852-3710
astoll@stollglickman.com