UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CAMERON YATES,

                                        Plaintiff,

                    -against-

NEW YORK CITY, NYPD CHIEF OF PATROL
FAUSTO PICHARDO,

                                        Defendant.

-------------------------------------------------------------------x

**ANSWER TO
COMPLAINT**

No. 21-CV-1904
(CM)(GWG)

       Defendant NYPD CHIEF OF PATROL FAUSTO PICHARDO[1] ("Pichardo" or "defendant"), by his attorney, **GEORGIA M. PESTANA**, Acting Corporation Counsel of the City of New York, as and for its answer to the complaint, respectfully alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to proceed as stated therein

       4.     Denies the allegations set forth in paragraph "4" of the complaint except admits that plaintiff purport to invoke the Court's jurisdiction as stated therein.

       5.     Denies the allegations set forth in paragraph "5" of the complaint except admits that plaintiff purports to base venue as stated therein.

---

[1] Defendant Pichardo is no longer a member of the NYPD.

6.      Denies the allegations set forth in paragraph "6" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about March 23, 2021.

7.      Denies the allegations set forth in paragraph "7" of the complaint except admits that to date, this matter has not been resolved.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.      Denies the allegations set forth in paragraph "9" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

10.      Denies the allegations set forth in paragraph "10" of the complaint except admits that former NYPD Chief of Patrol Pichardo was present at a demonstration in lower Manhattan on May 31, 2020.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.      Defendant states that the allegations set forth in paragraph "12" of the complaint are legal conclusions to which no response is required.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.      Denies the allegations set forth in paragraph "14" of the complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Denies the allegations set forth in paragraph "17" of the complaint.

18.     Denies the allegations set forth in paragraph "18" of the complaint.

19.     Denies the allegations set forth in paragraph "19" of the complaint.

20.     Denies the allegations set forth in paragraph "20" of the complaint.

21.     Denies the allegations set forth in paragraph "21" of the complaint.

22.     Denies the allegations set forth in paragraph "22" of the complaint.

23.     Denies the allegations set forth in paragraph "23" of the complaint.

24.     Denies the allegations set forth in paragraph "24" of the complaint.

25.     Denies the allegations set forth in paragraphs "25" and "25(a)" through "25(e)" of the complaint.

26.     In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

27.     Denies the allegations set forth in paragraph "27" of the complaint.

28.     Denies the allegations set forth in paragraph "28" of the complaint.

29.     Denies the allegations set forth in paragraph "29" of the complaint.

30.     Denies the allegations set forth in paragraph "30" of the complaint.

31.     In response to the allegations set forth in paragraph "31" of the first amended complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

32.     Denies the allegations set forth in paragraph "32" of the complaint.

33.     Denies the allegations set forth in paragraph "33" of the complaint.

34.     Denies the allegations set forth in paragraph "34" of the complaint.

35.     Denies the allegations set forth in paragraph "35" of the complaint.

36.     Denies the allegations set forth in paragraph "36" of the complaint.

**FIRST AFFIRMATIVE DEFENSE:**

37. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

38.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

**THIRD AFFIRMATIVE DEFENSE:**

39.     Defendant Pichardo did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

40.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants City, de Blasio, Shea, and Monahan violated any act of Congress providing for the protection of civil rights.

**FIFTH AFFIRMATIVE DEFENSE:**

41.     To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

**SIXTH AFFIRMATIVE DEFENSE:**

42.     Punitive damages cannot be assessed against defendant City.

**SEVENTH AFFIRMATIVE DEFENSE:**

43.     Plaintiff provoked any incident.

**EIGHTH AFFIRMATIVE DEFENSE:**

44.     Plaintiff may have failed to mitigate his alleged damages.

**NINTH AFFIRMATIVE DEFENSE:**

45.     Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE:**

46.     At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of his discretion. Therefore, he is entitled to immunity on state law claims.

**ELEVENTH AFFIRMATIVE DEFENSE:**

47.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant official entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

**TWELFTH AFFIRMATIVE DEFENSE:**

48. Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE:

49.        Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## CONCLUSION

**WHEREFORE,** defendant respectfully requests that the complaint be dismissed in its entirety, that the court enter judgment for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              May 13, 2021

                              **GEORGIA M. PESTANA**
                              Acting Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street,
                              New York, N.Y. 10007-2601
                              212-356-3517

                    By:    *Dara L. Weiss s/*
                           _____
                              Dara L. Weiss
                              Elissa Jacobs
                              Brachah Goykadosh

**BY ECF**:        All Counsel

No. 21-CV-1904 (CM)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YATES , et al.,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendant.

## ANSWER TO COMPLAINT

### *GEORGIA M. PESTANA*

Acting Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York  10007-2601

Of  Counsel:  Dara L.Weiss
Tel.:  212-356-3517

*Service of which is hereby acknowledged:*

........................................, N.Y.  Dated:  ........................................

Signed:  ........................................................................................

Print Name: ................................................................................

Attorney for:  ...............................................................................