# EXHIBIT H



21st Floor  
1251 Avenue of the Americas  
New York, NY  10020-1104  

**Abigail B. Everdell**  
212 603 6468 tel  
212 379-5244 fax  

abigaileverdell@dwt.com

April 23, 2025

Via Electronic Mail  
Tobias Zimmerman, Senior Counsel  
New York City Law Department  
100 Church Street  
New York, NY 10017

Re: *In re: New York City Policing During Summer 2020 Demonstrations,* 1:20-cv-8924 (CM) (GWG), Settlement Agreement Paragraph 89(h)

Dear Tobias:

     I write on behalf of Plaintiffs pursuant to Paragraph 101(d) of the parties' Stipulated Order and Settlement Agreement (the "Agreement"), to memorialize Plaintiffs' understanding that the parties have exhausted the meet-and-confer process provided in Paragraph 101(c) of the Agreement and have reached an impasse with regard to the implementation of Paragraph 89(h) of the Agreement concerning treatment of members of the press.

     Specifically, the City of New York and New York City Police Department ("NYPD") (together, the "City") have taken the position that Paragraph 89(h) applies only in the context of First Amendment Activities ("FAAs") and have drafted policies and trainings reflecting this position. This interpretation is contrary to the plain meaning and documented intent of Paragraph 89(h) and deprives the Plaintiffs—specifically the credentialed press plaintiffs and their similar situated peers—the benefit of a significant negotiated policy change.

     On March 10, 2025, Plaintiffs informed the City in their written recommendations on NYPD policy and training materials relevant to members of the press that the City's proposed policies and trainings appeared to have misinterpreted Paragraph 89(h) as applicable only in the context of FAAs. This misreading is reflected, at minimum, in the following draft policy and training materials sent by the City on March 28, 2025: (1) Media Press Powerpoint at Slide 25; (2) NYPDU Media_Press at Slides 25-26; (3) [PFAA] Final Draft Day 1 Module 8 1.22.2025 at page 14 (failing to make clear that this policy also applies outside the context of FAAs); (4) Revision to Patrol Guide 212-49 at page 4 (failing to make clear that Red Light offenses with regard to requirements for arrests of credentialed press are not limited to offenses that occur in the context of FAAs).

4921-5928-7353v.3 0201731-000001

Tobias Zimmerman
April 23, 2025
Page 2

On March 28, 2025, the City stated its position in writing that Paragraph 89(h) applies only in the context of FAAs. On April 15, 2025, the parties met and conferred on this issue.[1] The City did not change its position at this meet-and-confer but indicated it would consider the matter further. On April 16, 2025, the City sent an email confirming its "position that, while paragraph 89 and its various subparts are not necessarily limited to the context of FAAs, the provision in paragraph 89(h) is clearly written to only apply during FAAs." That same day, Plaintiffs responded with additional explanation and context from settlement negotiations confirming that not only does Paragraph 89(h) not mention FAAs, it cannot be reasonably read as being limited to FAAs and was never intended to be so limited. The City did not respond further. We are satisfied that the meet-and-confer process has now been exhausted, and the parties have reached an impasse.

By refusing to update NYPD policies and trainings to reflect that Paragraph 89(h)'s requirements with regard to credentialed members of the press arrested for low-level offenses apply in all contexts, not just in FAAs, the City has drafted policies and trainings that omit and/or violate material terms of the Settlement Agreement.

If the City is prepared to change its position on Paragraph 89(h) and the implementation thereof, please inform us of this position no later than **tomorrow, April 24, 2025**. If the impasse is not resolved by that date, Plaintiffs will make a motion to the Court pursuant to Paragraph 101(d) of the Agreement.

Sincerely

Abigail B. Everdell
Davis Wright Tremaine LLP

---

[1] The parties also met and conferred on, *inter alia*, the City's improper limitation of the right to record to where "matters of public concern are occurring," its alteration of the careful language of the policy set out in Paragraph 89(g) of the Agreement, and its improper limitation of the Paragraph 89(g) policy to the context of FAAs in PG 212-49, p. 2. Our understanding from the meet-and-confer is that the City will undertake to modify these portions of the policy and training materials per Plaintiffs' suggestions. If it does not—or if the final policy and training materials otherwise violate or fail to implement material terms of the Agreement—Plaintiffs reserve the right bring a motion on those bases.

Tobias Zimmerman
April 23, 2025
Page 3

Cc:

Michael Gerber
Jaclyn Keane
New York City Police Department

Qiana Smith-Williams
Genevieve Nelson
New York City Law Department

Andrew C. Quinn
Marykate Acquisto
The Quinn Law Firm PLLC
SBA Counsel
Stephen McQuade
Pitta LLP
DEA Counsel